# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT COLLINS (#706507)**                              **CIVIL ACTION NO.**

**VERSUS**                                                                    **21-257-JWD-EWD**

**JAMES M. LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 6, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT COLLINS (#706507)**                    **CIVIL ACTION NO.**

**VERSUS**                                       **21-257-JWD-EWD**

**JAMES M. LeBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION AND ORDER

Before the Court is the Complaint[1] of Robert Collins ("Collins"), who is representing himself, and who is incarcerated at the Dixon Correctional Institute ("DCI") in Jackson, Louisiana. Pursuant to the required screening for such suits under 28 U.S.C. § 1915A, it is recommended that Collins' federal claims for due process and equal protection violations be dismissed with prejudice for failure to state a claim, that his request for injunctive relief be denied,[2] the Court decline to exercise supplemental jurisdiction over state law claims, and that this case be closed.[3] Collins' Motion for New Evidence[4] will also be denied.

## I.    Background

Collins filed this suit against James M. LeBlanc and the Louisiana Department of Public Safety and Corrections ("LDPSC") (collectively "Defendants") on May 1, 2021, alleging that Defendants have violated his constitutional rights to due process and to equal protection because

---

[1] R. Doc. 1.

[2] R. Doc. 2.

[3] Though "[o]rdinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," providing such leave is not required when amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted); *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016). Collins has pleaded his best case, but his claims, as discussed below, have no merit under federal law; accordingly, leave to amend is not necessary.

[4] R. Doc. 3.

he is restricted from programs that would result in diminution of his sentence, and from work release programs, based on his status as a sex offender.[5]

## II.    Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. § 1915A, this Court is authorized to dismiss an action or claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. To determine whether a complaint fails to state a claim under 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12]  A claim is also subject to dismissal

---

[5] R. Doc. 1, pp. 5-6.
[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Denton*, 504 U.S. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B.  Collins Cannot State a Federal Claim for a Due Process Violation

#### i.  Good Time Credits[14]

Collins claims a vested liberty interest in earning good time credit and the right to participate in programs to allow him to accrue such credit.[15]  Collins further argues that he has been denied these rights because of his status as a sex offender.[16]  This claim—alleging lack of due process in being excluded from diminution of sentence programs—must fail because there is no protected liberty interest at stake.  A state law creates constitutionally protected interests only if it establishes that state officials must take mandatory, non-discretionary actions in connection with the life, liberty, or property of citizens.[17]  Louisiana Revised Statute 15:574.4.3, which governs diminution of sentence for sex offenders, is too discretionary to have created a protected

---

[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[14] From the facts alleged, it appears that Collins is attempting to claim due process and equal protection violations. His requests for relief are otherwise barred.  Collins requests release from confinement because he has been held past June 8, 2021, which he alleges is the proper date for release if he is given good time credit, but this relief is not available in a suit under 42 U.S.C. § 1983 and may be obtained only through an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action); *see also, Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), (quoting *Preiser*, 411 U.S. at 498) ("prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").  This Report and Recommendation does not pass on the question of whether Collins could successfully challenge the issues raised in this suit through an application for writ of habeas corpus, but merely notes it would be the more proper procedural mechanism to do so. In fact, Collins has already filed an action seeking relief pursuant to 28 U.S.C. § 2254.  *Robert Collins v. James LeBlanc, et al.*, No. 21-252-BAJ-SDJ (M.D. La.).   Further, Collins' request for monetary damages related to not earning good time credit, not only lacks substantive merit because he has no constitutional right to earn such credit, but it is also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Payton v. Hubert*, No. 07-506, 2007 WL 4303241, *2 (M.D. La. Dec. 5, 2007) (finding that a claim for monetary damages resulting from the alleged wrongful denial of good time credits was barred by *Heck*).

[15] R. Doc. 1, p. 5.  Importantly, Collins does not allege he earned good time credit that was then revoked, which would require a different analysis.  *See Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995).

[16] R. Doc. 1, p. 5.

[17] *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989), citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

liberty interest.[18]  Because Collins does not have a liberty interest in earning good times credit, he cannot state a due process claim based on his restriction from participation in programs that would permit him to earn such credit due to his classification status.[19]

### ii.  Work Release

Collins alleges that he also has been denied participation in work release programs because of his status as a sex offender.[20]  This claim is also subject to dismissal for the same reason as his due process claim.  La. R.S. 15:1111, the pertinent statute regarding work release, is also discretionary, such that it does not create a liberty interest.[21]

### C.  Collins Cannot State a Federal Equal Protection Claim

Finally, Collins has alleged that sex offenders are treated differently than other inmates for work release programs, in violation of his right to equal protection under the law.[22] To establish an equal protection claim, a plaintiff must allege that defendants treated "two or more classifications of similarly situated persons" differently.[23]  Here, because sex offenders are not a suspect class,[24] and because work release is not a fundamental right,[25] rational basis review is appropriate and asks whether the classification bears a rational relation to a legitimate

---

[18] *Jones v. LeBlanc*, No. 19-12028, 2020 WL 3578326, *3 (E.D. La. Feb. 28, 2020) ("The State of Louisiana by its broadly discretionary statute, La. Rev. Stat. § 574.4.3E(1), has not created a protected liberty interest in being allowed unconditional early good time release from prison.").

[19] *See Luken*, 71 F.3d at 193-94 (5th Cir. 1995) (no liberty interest in earning good time credits).

[20] R. Doc. 1, p. 6.

[21] *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994) ("no liberty interest is created by La. R.S. 15:1111.").  The work release statute has not changed substantially since the *Welch* decision in 1994, and importantly, LDPSC (previously the Louisiana Department of Institutions), remains entrusted with the operation of the work release program.  Because LDPSC is provided with wide latitude in administering the work release program, the statute does not create a liberty interest, and thus, there can be no due process claim.  *Id.*

[22] R. Doc. 1, pp. 5-6.

[23] *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 353 (5th Cir. 2017), quoting *Gallegos–Hernandez v. U.S.*, 688 F.3d 190, 195 (5th Cir. 2012)).

[24] *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014), quoting *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998) ("A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class.").

[25] *See Milton v. Smith*, No. 19-214, 2019 WL 1852688, n. 8 (W.D. La. April 10, 2019), citing *Wagner v. Holmes*, 361 F.Supp. 895, 897 (E.D. Ky. 1973) (cited with approval by *Finley v. Staton*, 542 F.2d 250, 250 (5th Cir. 1976))) ("Participation in an outside work release program is…a privilege, not a right….").

governmental purpose.[26]   Other courts have found that "granting work release to only non-sex offenders is rationally related to a legitimate governmental interest."[27]   To the extent any Defendant or other prison official is responsible for the decision to treat sex offenders differently than other inmates for purposes of work release, courts have held that classification is rationally related to a governmental interest in preventing sex offenders from utilizing a less restrictive work release program to commit another sex crime, such that Collins fails to state a federal equal protection claim.[28]

### D.  Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Collins' allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[29]   Having recommended dismissal of all

---

[26] *Stauffer*, 741 F.3d at 587 ("any classification of convicted sex-offenders is only subject to a rational basis review."); *Duarte*, 858 F.3d at 354 ("If neither a suspect class nor a fundamental right is implicated, the classification need only bear a rational relation to a legitimate governmental purpose.").

[27] *See, e.g.*, *Milton*, 2019 WL 1852688, *5 ("approving or refusing work release to prisoners based on their statuses as sex offenders or non-sex offenders is rationally related to the legitimate government interest of preventing sex offenders from abusing the temporary freedom of work release and committing another sex crime"); *Mahfouz v. Lockhart*, 826 F.2d 791, 794 (8th Cir. 1987) (concluding that the exclusion of sex offenders as a group from work-release program was rationally related to legitimate purpose of preventing sex crimes); *Shaw v. Smith*, 206 Fed.Appx. 546, 548 (7th Cir. 2006) (same).

[28] To the extent Collins attempts to allege an equal protection claim with respect to the earning of good time credits, the analysis is the same as it is for work release, and courts have found that, generally, treating sex offenders differently for parole, etc., is rationally related to a legitimate governmental interest.  *See Brown v. Dretke*, 184 Fed.Appx 384, 385 (5th Cir. 2006) (holding that subjecting sex offenders "to different parole procedures is reasonably related to legitimate penological interests."); *Bell v. Woods*, 382 Fed.Appx 391, 392 (5th Cir. 2010) (finding "rational reasons why the State might restrict sexual offenders from using computers[,]" including preventing "sexual offenders from attempting to obtain and distribute sexually-explicit material over the Internet and contact[ing] potential victims over the internet.").

[29] 28 U.S.C. § 1367.

federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over Collins' potential state law claims.

### E.  Injunctive Relief Should be Denied

Also pending is a Motion for Injunction [sic] Relief, which seeks Collins' immediate release from custody.[30]  As explained above, an action under § 1983 is not the proper procedure to obtain release from custody.[31]  Accordingly, Collins' request for injunctive relief in the form of immediate release must be denied.  To the extent Collins is seeking injunctive relief for something other than immediate release (*e.g.*, good time credit that may not result in release), his request should be denied if the recommendation to dismiss this action is adopted.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[32]  The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[33]  At all times, the burden of persuasion to obtain a preliminary injunction or temporary restraining order remains with the plaintiff as to each of the four required elements.  Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[34]  If a plaintiff fails to meet his burden

---

[30] R. Doc. 2, p. 10.

[31] *See* n.14, *supra*. Collins filed a Motion for Injunction [sic] Relief in his pending habeas proceeding, 21-252-BAJ-SDJ, which also sought his immediate release.  No. 21-252-BAJ-SDJ, R. Doc. 2.  That motion was denied because Collins failed to show a substantial likelihood of success on the merits as this Court determined that Collins does not qualify by statute for diminution of his sentence due to his sex offense conviction. No. 21-252-BAJ-SDJ, R. Doc. 3.

[32] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted).  *See* also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors").

[33] *See Allied Mktg. Grp., Inc.*, 878 F.2d at 809.

[34] *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[35]

Collins cannot establish a likelihood of success on the merits as to his request for injunctive relief for the same reasons that dismissal for failure to state a claim has been recommended as to his federal claims. If the recommendation to dismiss this matter for failure to state a claim pursuant to 28 U.S.C. § 1915A is adopted, then any request for injunction would necessarily be denied.

### F. The "Motion for New Evidence" Will Be Denied

Collins has also filed a "Motion for New Evidence." To the extent this motion is an attempt to add new claims to this action for an alleged failure to protect Collins from harm at the hands of another inmate, retaliation, possibly deliberate indifference to serious medical needs, and potential state law claims, it will be denied because claims arising out of these events are unexhausted.[36] The events complained of in the Motion for New Evidence occurred on or after September 28, 2021, but this suit was originally filed on May 1, 2021. To allow Collins to supplement this Complaint with the new claims alleged would be futile because the claims would be subject to dismissal as unexhausted,[37] as these claims occurred after the filing of this action and thus, cannot have been exhausted prior to filing.[38] Accordingly, Collins will not be allowed to supplement his Complaint in this matter with the additional claims.

---

[35] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

[36] R. Doc. 3. To the extent Collins does not intend to add new claims via the Motion for New Evidence and is using the motion to show LDPSC's "blatant disregard for the safety and welfare of its inmates," (R. Doc. 3, p. 5) that information would not change the analysis regarding Collins' federal claims brought in his original Complaint.

[37] Pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available to him at the prison before bringing a civil action in this Court with respect to prison conditions. 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[38] *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory….").

## RECOMMENDATION

**IT IS RECOMMENDED** that the federal claims of Plaintiff Robert Collins be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A,[39] that the Motion for Injunction Relief[40] be **DENIED**, and that the Court decline to exercise supplemental jurisdiction over any state law claims.

**IT IS FURTHER RECOMMENDED** that, if sought, leave to amend be **DENIED** as Collins cannot state a federal claim consistent with the facts alleged.

## ORDER

Plaintiff's Motion for New Evidence[41] is **DENIED** to the extent it seeks to add new, unexhausted claims in violation of 42 U.S.C. § 1997(e).

Signed in Baton Rouge, Louisiana, on January 6, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[39] Plaintiff Robert Collins is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the dismissal of this matter will count as a strike.
[40] R. Doc. 2.
[41] R. Doc. 3.

8